# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SANDRA L. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: |
| | ) |
| C T CORPORATION, d/b/a/ | ) |
| AMERISTAR CASINO EAST | ) |
| CHICAGO LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Ameristar Casino East Chicago, LLC, improperly sued as CT Corporation d/b/a Ameristar Casino East Chicago, LLC by counsel, Edward W. Hearn and Catherine Hurst of JOHNSON & BELL, P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of the cause entitled Sandra L. Hamilton v. CT Corporation d/b/a/ Ameristar Casino East Chicago, LLC, filed in the Lake Superior Court, Lake County, Indiana, under cause number 45D01-2109-CT-000947.  As grounds for removal, Defendant states as follows:

1. Plaintiff commenced an action against the above-referenced Defendant on September 29, 2021, by filing a Complaint in the Lake Superior Court of Lake County, Indiana, under Cause Number 45D01-2109-CT-000947.  A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit A".

2. On October 15, 2021, Defendant, Ameristar Casino East Chicago, LLC, first ascertained that the case is one which is or has become removable when the Plaintiff refused to

stipulate that damages would not exceed seventy-five thousand dollars ($75,000.00) and this notice is filed within thirty (30) days of receipt of the Plaintiff's refusal. (*See* Exhibit B, Correspondence to Plaintiff counsel).

3. Named Defendant CT Corporation is a registered agent business which accepts service of process for business entities. CT Corporation does not do business as Ameristar Casino East Chicago, LLC and is not otherwise affiliated with Ameristar Casino East Chicago, LLC and is not correctly named in this lawsuit. Correctly named Defendant, Ameristar Casino East Chicago, LLC, has a single member of the limited liability company which is Ameristar Casino East Chicago Holdings, LLC. The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle MLS, LLC; The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle Entertainment, Inc., which is a Delaware corporation with its principal place of business in Pennsylvania.

4. Pursuant to federal law, Ameristar Casino East Chicago, LLC is a citizen of both Delaware and Pennsylvania. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691 (7th Cir. 2003).

5. The Plaintiff, Sandra L. Hamilton, is a citizen of the State of Illinois. (*See* Exhibit A, Plaintiff's Complaint, Par. 1).

6. Since the Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the Plaintiff, Sandra L. Hamilton, and the Defendant, Ameristar Casino East Chicago, LLC, pursuant to 28 U.S.C. Section 1332(a).

7. In an effort to determine the amount in controversy in this matter, the Defendant served Plaintiff's attorney, Michael McCready, with a request to stipulate that the amount in

2

controversy was less than seventy-five thousand dollars ($75,000.00).  Defendant further indicated that if the stipulation was signed, Defendant would not seek to remove the case to Federal Court.  On October 15, 2021, Mr. McCready responded that he could not stipulate that the amount in controversy would not exceed $75,000.00 because "it's a multiple knee surgery case". (*See* Exhibit C, October 15, 2021, Correspondence from Plaintiff counsel).

8. The Seventh Circuit has held that if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000 jurisdictional limit.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.  *Id*.  A stipulation will have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint.  *Id*.  The Seventh Circuit determined in *Oshana*, that the plaintiff's refusal to admit that her recovery would not exceed $75,000 raised the reasonable inference that it would. *Id*.

9. Although the Defendant denies the material allegations of the Plaintiff's Complaint, based upon information and the Plaintiff's refusal to enter into a stipulation limiting her damages to less than $75,000.00, and Plaintiff counsel's advisement that this is a "multiple knee surgery case", there is a reasonable inference that the amount in controversy exceeds the seventy-five thousand dollars ($75,000.00) jurisdictional amount, exclusive of interests and costs.  (*See* Exhibit C).

10. This Court has original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. Section 1332(a) which states that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  Further, for the reasons stated in the previous paragraphs, this action may be removed pursuant to the provisions of 28 U.S.C. Section

1441 and Section 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

11. Defendant, Ameristar Casino East Chicago, LLC, has filed this Notice for Removal within thirty (30) days of Plaintiff's refusal to stipulate that the amount in controversy will not exceed $75,000.00.

12. Upon filing this Notice for Removal, the Defendant, Ameristar Casino East Chicago LLC, will give written notice of the filing of this Notice for Removal to all attorneys of record and the Clerk of the Lake County Superior Court.

13. Pursuant to 28 U.S.C. Section 1446(a), accompanying this Notice shall be Plaintiff's Complaint, Defendant's Answer to Plaintiff's Complaint, and Summons served upon Defendant.

14. The Defendant, Ameristar Casino East Chicago, LLC, demands a trial by jury on all issues triable by jury.

    Respectfully submitted,

    **JOHNSON & BELL, P.C.**

By: */s/Edward W. Hearn*
Edward W. Hearn, #18691-64
Catherine Breitweiser-Hurst, #26779-45
11041 Broadway
Crown Point, IN 46307
219/791-1900
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on October 29, 2021, we filed the foregoing document using this Court's CM/ECF system and this document was served on all counsel of record via E-mail as follows:

Michael McCready, Michael@Mccreadylaw.com

*/s/  Edward W. Hearn*
Edward W. Hearn Attorney at Law
