UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SANDRA L. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:21-CV-336-PPS-JPK |
| | ) |
| CT CORPORATION, d/b/a | ) |
| AMERISTAR CASINO EAST CHICAGO, | ) |
| LLC | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On September 27, 2019, Sandra L. Hamilton went to the Ameristar Casino in East Chicago, Indiana and fell on a slippery floor. She brings this negligence action seeking damages for injuries she suffered in the incident. Now before me are a Motion for Judgment on the Pleadings filed by Ameristar [DE 11], and a Motion for Leave to Conduct Discovery for a Limited Purpose and Motion for Leave to File a Sur-Reply filed by Hamilton [DE 36]. Ameristar seeks dismissal because Hamilton's claims are time barred. But because the pleadings fail to establish that Hamilton's action is untimely under the applicable statute of limitations, Ameristar's motion will be denied. As a result, Hamilton's request for sur-reply will be denied as moot. However, because it appears limited discovery will enable a more orderly resolution of this dispute, I will grant the parties leave to conduct discovery for the limited purpose of further investigating the factual issues briefed in connection with Ameristar's statute of limitations defense.

**Background**

Hamilton, an Illinois resident, visited Ameristar Casino in East Chicago, Indiana on September 27, 2019 and fell on a slippery floor. [DE 5, ¶¶ 2–7.] Two years after her visit to Ameristar Casino, Hamilton filed a negligence action in Lake County Superior Court against CT Corporation d/b/a Ameristar Casino East Chicago LLC.[1] Ameristar properly removed the case to this court. [DE 1; DE 16, ¶¶ 2, 3.] The Lake County Clerk electronically file-stamped Hamilton's state court complaint on September 29, 2021 at 10:41 a.m. [DE 5 at 1.] In its motion for judgment on the pleadings, Ameristar takes the position that the electronic stamp on Hamilton's complaint proves that Hamilton commenced her action two days after the statute of limitations ran on September 27, 2021. [DE 12 at 1–2.]

Hamilton initially failed to respond to the motion. I ordered Hamilton to file a response by January 17, 2022, or I would consider the issue solely on the basis of Ameristar's motion. [DE 18.] Hamilton encountered a filing error on January 17, requiring her to re-file her response on January 18. [DE 19–21.] Hamilton attached materials outside the pleadings in support of her response, including (1) a copy of Hamilton's state court complaint hand-stamped "filed" on September 27, 2021 by the Lake County Superior Court Clerk, an Affidavit from Martha Cordero, a paralegal who handled the September 27 filing, and a copy of the state court docket report dated

---

[1] CT Corporation is a registered agent for service of process and is not otherwise affiliated with Ameristar. [*See* DE 1 at 2; DE 16.]

2

January 14, 2022. [DE 20 at 4, 7–10.] Hamilton acknowledges that the "factual and procedural summary" in Ameristar's motion is "accurate," but argues that these materials reflect that her complaint was timely filed. *Id.* at 1–2.

Skeptical of representations made in Hamilton's response, Ameristar sought and obtained additional time to investigate before filing its reply. Ameristar's counsel reached out to the Clerk's office to confirm the timeline of events. [DE 30; DE 31.] The Clerk's Office provided additional information supporting Ameristar's position that Hamilton had not filed a complaint with her summons and attorney appearance forms on September 27, Hamilton did not file her complaint until September 29, and the Clerk's Office improperly hand-stamped and back-dated the complaint to September 27 when it was eventually filed. Ameristar also sought and obtained discovery for the limited purpose of deposing Felicia Rosell, a Deputy in the Lake County Clerk's Office, regarding the state court docket, removal of the electronic file-stamped date of a copy of Hamilton's complaint from the docket, and hand-stamping a back-date on the complaint. [DE 30, ¶¶ 12, 13; DE 34.] However, it appears that Ameristar never actually deposed Rosell. [DE 36 at 3, ¶ 9.] Instead, Ameristar obtained an Affidavit from Rosell, which it attached to its reply, in which Rosell explained her actions in connection with Hamilton's case initiation and the filing of Hamilton's complaint. [DE 35-1.]

Ameristar seeks judgment on the pleadings based on the electronic-stamped copy of the complaint filed in this case [DE 5], which reflects that Hamilton commenced her state court action more than two years after it accrued on September 27, 2019. [DE

35 at 7.] Alternatively, if I consider evidence outside the scope of the pleadings, Ameristar requests that I grant summary judgment on its statute of limitations defense. *Id.* at 7–9. In addition, Ameristar argues that to the extent I consider Hamilton's untimely response [DE 20], Hamilton's exhibits in support of the response are improper, should be stricken, and should not be considered for purposes of the pending motion. [DE 35 at 2.]

## Discussion

Ameristar requests judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). Although Rule 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer, the movant must meet a high bar to dismiss a case at such an early stage. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Motions for judgment on the pleadings are evaluated under the same standard that applies to dismissals under Federal Rule 12(b)(6) for failure to state a claim on which relief can be granted. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Thus, a motion under Rule 12(c) will be granted only if, "taking all well-pled allegations as true and drawing all reasonable inferences in [Hamilton's] favor, . . . it appears beyond doubt that [Hamilton] cannot prove any facts that would support [her] claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (internal quotation marks and citations omitted).

The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c); *City of S. Bend*, 163 F.3d at 452. When a party presents extrinsic evidence outside the pleadings in briefing a Rule 12(c) motion for judgment on the pleadings, I have the discretion to consider any of those materials, or exclude them and continue my analysis under Rule 12. *See, e.g.*, *McDougle v. Watson*, No. 3:17-cv-91-JPG-DGW, 2017 WL 6044099, at *2 (S.D. Ill. Nov. 6, 2017) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). But if I consider any of the materials, I "must" convert a Rule 12(c) motion for judgment on the pleadings to a Rule 56(a) motion for summary judgment. Fed. R. Civ. P. 12(d); *Fed. Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307 (7th Cir. 2020) (while Rule 12(d) affords courts discretion to convert motion to motion for summary judgment, when court considers materials outside the pleadings, such "discretion ends, and the court 'must' treat the motion as one for summary judgment"). This general rule has exceptions. For example, I may "consider judicially noticed documents," such as public court records, "without converting a motion . . . into a motion for summary judgment." *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Recognizing that affirmative defenses, such as Ameristar's statute of limitations defense, "typically turn on facts not before the court" at the pleadings stage, the Seventh Circuit has cautioned against resolving motions to dismiss based on affirmative defenses, such as Ameristar's statute of limitations defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("The mere presence of a potential

5

affirmative defense does not render the claim for relief invalid."). At the same time, "when all relevant facts are presented," cases may be properly dismissed prior to discovery. *Id.* For example, where the "relevant dates are set forth unambiguously" on the face of a complaint, as in the case of a complaint filed over three months after the end of the applicable limitations period, the Seventh Circuit has affirmed dismissal of a complaint based on the statute of limitations. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

Here, both parties have relied upon evidence outside the pleadings that is neither attached to nor referenced in the pleadings. For example, Hamilton attached to her opposition a copy of her state court complaint hand-stamped September 27, 2021, Cordero's Affidavit, and a copy of the state court docket report as it appeared online on January 14, 2022. [DE 20 at 4–10.] Ameristar submitted Rosell's Affidavit in support of its reply. [DE 35-1.] These documents are not incorporated by reference into the pleadings, and they are not explicitly or implicitly referenced in the pleadings. The state court docket report is a document contained in public records and thus subject to judicial notice. The remainder of the materials submitted are not subject to judicial notice, and I decline to consider them for purposes of the pending motion. Therefore, I will evaluate Ameristar's motion as a Rule 12(c) motion for judgment on the pleadings and not convert it to a Rule 56 motion for summary judgment.

The parties do not dispute the legal standard governing the timeliness of Hamilton's negligence action. Under Indiana law, applicable here, an action for

personal injury must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4(a)(1); *see Cordova v. Univ. of Notre Dame Du Lac*, 936 F. Supp. 2d 1003, 1011–12 (N.D. Ind. 2013). The statute of limitations is an affirmative defense. *See Gre-Ter Enterprises, Inc. v. Mgmt. Recruiters Int'l, Inc.*, 329 F. Supp. 3d 667, 681 & n.10 (S.D. Ind. 2018) (although under Indiana law the statute of limitations is an affirmative defense not ordinarily resolved at the pleadings stage, the defense "may be entertained if its predicates are established by the complaint as a matter of law"). Thus, the burden is on Ameristar to prove its entitlement to judgment on the basis of the statute of limitations defense. On the record before me, Ameristar has not met its burden to show it is "beyond doubt" that Hamilton "cannot prove any facts that would support [her] claim for relief" based on the applicable statute of limitations. *See Cordova*, 936 F. Supp. 2d at 1012 (N.D. Ind. 2013).

Under Indiana's discovery rule, Hamilton's claims accrued—triggering the start of the two-year statute of limitations period—when she knew, or in the exercise of ordinary diligence, could have discovered that she sustained injury as a result of Ameristar's negligence. *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). The parties do not dispute that Hamilton's claims accrued on the date she slipped and fell at Ameristar Casino, September 27, 2019. At least, Hamilton does not argue otherwise. [*See* DE 20.] So, the only question is whether Ameristar meets its burden to show that Hamilton commenced her action within two years of that date, September 27, 2021. Based on the pleadings and public court records I have considered, the answer to

7

that question is "no."

Indiana Trial Procedure Rules 3 and 87 govern commencement of Hamilton's action through the Indiana E-Filing System ("IEFS"). Indiana Trial Procedure Rule 3 provides that a civil case is commenced by "filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary." Ind. R. Trial P. 3. Indiana Trial Procedure Rule 87 requires most parties to commence an action through IEFS by filing the complaint and summons and paying filing fees. Ind. R. Trial. P. 87. It further provides that if a party has paid all applicable fees, a document "is considered e-filed with the court on the date and time reflected in the [Notice of Electronic Filing] associated with the document." *Id.* As Ameristar points out, Indiana courts strictly construe the provisions of Indiana Trial Rule 3 and 87. These rules establish a "bright-line rule for determining when an action has been commenced." *Smith v. Haggard*, 22 N.E.3d 801, 804 (Ind. Ct. App. 2014) (noting "substantial compliance" with rules generally insufficient) (citation omitted); *see, e.g., Blackman v. Gholson*, 46 N.E.3d 975 (Ind. Ct. App. 2015) (plaintiff's will contest action untimely because he did not pay filing fee and failed to tender summonses for decedent's other children who had initiated probate proceedings).

In sum, Indiana Trial Procedure Rule 3 unambiguously conditions the commencement of a civil action on "filing" a complaint "with the court," and Indiana

8

Trial Procedure Rule 87 confirms that a filing is effected at the time reflected on the Notice of Electronic Filing. But I am unaware of any authority specifying that the electronic file-stamped date on a complaint definitively establishes when a complaint is considered "file[d]" under Indiana Trial Procedure Rule 3. The parties have not cited, and my independent review of Indiana case law did not uncover, any authority holding that the electronic file-stamped date on a complaint is dispositive of when an action is considered "commenced" for statute of limitations purposes. Nor does Indiana law embrace the view that a statute of limitations continues to run in the event of clerical errors related to filing a complaint.

      This suggests that while Indiana courts have strictly construed the rules for commencement of civil actions, the electronic file-stamped copy of Hamilton's complaint dated September 29, 2021 is not dispositive of when her complaint is considered "filed." Turning to the pleadings in this case, the electronic file-stamped version of Hamilton's complaint reflects that it was not filed until September 29, 2021 at 10:41 a.m. The public docket[2] reflects that a "Complaint/Equivalent Pleading [was] Filed" on "9/29/2021," with the description "Complaint at Law" immediately following. The associated link in the e-filing system returns a copy of the complaint bearing the September 29 time stamp, which has been docketed in this matter. [*See* DE 5.] However, the state court docket report also states that a "Complaint/Equivalent

---

[2] The public court docket is available by searching Cause No. 45D01-2109-CT-000947 at the following link: https://www.in.gov/courts/local/lake-county/.

Pleading [was] Filed" on "9/27/2021." Under this entry, the Clerk's Office included the description "Complaint at Law." But when one actually selects the document in the e-filing system, a copy of a summons appears. The discrepancy on the public court docket appears to be "bound up in a knot of conflicting facts," which "is not unusual at this early stage of litigation." *D'Alonzo v. Univ. of Notre Dame Du Lac*, No. 3:06-CV-844 CAN, 2007 WL 1430727, at *2 (N.D. Ind. May 11, 2007) (denying judgment on pleadings based on statute of limitations defense). But, of course, "factual conflicts cannot be the basis upon which a court may properly grant a motion for judgment on the pleadings." *Id.*

Based on the pleadings before me, I cannot say beyond a doubt that Hamilton cannot present facts showing that she filed her complaint on September 27, 2021, and, as she represents, any later-filed complaint is the result of clerical error. At this stage, I must construe all facts and reasonable inferences in a light favorable to Hamilton as the non-moving party. Further discovery may bring the relevant facts into sharper focus, permitting the parties to brief the issues on the merits. But for the time being, I cannot say beyond doubt that Hamilton will be unable to establish her claims based on the applicable statute of limitations.

**ACCORDINGLY:**

Ameristar's motion [DE 11] is **DENIED**. Hamilton's motion [DE 36] is **DENIED AS MOOT**. However, I find that limited discovery, including a deposition of Ms. Rosell, will enable a more efficient resolution of the parties' underlying factual disputes relevant to Ameristar's affirmative defense under the statute of limitations. I therefore

**GRANT** the parties leave to conduct discovery limited to the factual disputes briefed in connection with Ameristar's asserted statute of limitations defense. The parties shall have six weeks from the date of this order to conduct this discovery. If, after the limited discovery is taken, Ameristar believes that summary judgment on its affirmative defense of statute of limitations is obtainable, it may so move at that time.

**IT IS SO ORDERED.**

ENTERED: July 5, 2022.

       /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT